UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

FREDY HERNANDEZ RIVAS,

                              Petitioner,

-vs-

JEFFREY SEARLS, in his
official capacity as Facility Director,
Buffalo Federal Detention Facility,[1]

                              Respondent.

_____

DECISION AND ORDER

21-CV-6469 (CJS)

## INTRODUCTION

Fredy Hernandez Rivas ("Petitioner"), a citizen of El Salvador, has been detained at the Buffalo Federal Detention Facility in the custody of U.S. Immigration and Customs Enforcement ("ICE") since December 29, 2020. Pet., ¶ 12, Jul. 6, 2021, ECF No. 1. He has filed this action *pro se* pursuant to 28 U.S.C. § 2241, arguing that his continued detention is a violation of the Immigration and Nationality Act, and of his substantive and procedural due process rights under the Fifth Amendment. Pet. at ¶ 22–28. The matter is presently before the Court on Respondent's motion to dismiss, in which Respondent maintains, *inter alia*, that the petition is moot because the Board of Immigration Appeals recently denied Petitioner's appeal of his order of removal. Mot. to Dismiss, Aug. 23, 2021, ECF No. 4; Suppl. Mem., Oct. 14, 2021, ECF No. 7.

_____

[1] Notwithstanding Petitioner's listing of the United States Attorney General, the Secretary of the Department of Homeland Security, and the Field Office Director for Detention Removal as respondents to the petition in addition to Jeffrey Searls, Searls is the only proper respondent. *See Rumsfeld v. Padilla,* 542 U.S. 426, 435 (2004) (stating that the proper respondent in a federal habeas petition is generally "the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official."). *See also, e.g., Gutierrez v. Barr,* No. 20-CV-6078-FPG, 2020 WL 2059845, at *3 (W.D.N.Y. Apr. 29, 2020) ("[T]he only proper respondent is Jeffrey Searls, Officer in Charge at the Buffalo Federal Detention Facility . . . .").

1

For the reasons that follow, Respondent's motion [ECF No. 4] is granted, the petition [ECF No. 1] is dismissed, and the Clerk of Court is directed to close this case.

LEGAL PRINCIPLES

28 U.S.C. § 2241 authorizes federal courts to grant habeas relief to prisoners or detainees who are "in custody in violation of the Constitution or laws or treaties of the United States." In determining whether to grant habeas relief, the court may consider affidavits and documentary evidence such as records from any underlying proceeding. 28 U.S.C. § 2246 and § 2247. *See also Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004).

The Immigration and Nationality Act is codified in title 8 of the United States Code. With respect to immigration matters such as those underlying the present habeas application, 8 U.S.C. § 1229a(a)(1) authorizes an Immigration Judge to conduct proceedings on behalf of the Attorney General to decide upon the inadmissibility or deportability of an alien. An alien placed in such removal proceedings may be charged with any applicable ground of inadmissibility under § 1182(a) or any applicable ground of deportability under § 1227. § 1229a(a)(2). Federal courts retain jurisdiction under § 2241 to review "purely legal statutory and constitutional claims" regarding these proceedings, but jurisdiction does not extend to "discretionary determinations" by Immigration Judges and the Board of Immigration Appeals. *Sol v. I.N.S.*, 274 F.3d 648, 651 (2d Cir. 2001).[2]

---

[2] Judicial review of removal orders is available only through filing a "petition for review" in a Circuit Court pursuant to 8 U.S.C. § 1252.

BACKGROUND[3]

Petitioner was detained by ICE on December 29, 2020. Pet. at ¶ 12. Less than one month after his detention by ICE, the Immigration Judge ("IJ") considered Petitioner's motion for custody redetermination; that is, the IJ held a "bond hearing." Resp. Mem. (Ex. A) at 47–51. At the bond hearing, the IJ stated that the government had the burden of justifying Petitioner's detention by proving by clear and convincing evidence that he was a danger to the community or a flight risk. Resp. Mem. (Ex. A) at 47–48. The IJ then found that the government had met its burden by clear and convincing evidence for the following reasons:

> The Court does note that the [Petitioner] does have a fairly long criminal record. He does have convictions, multiple, for driving under the influence. The last conviction was on May 8, 2019, and that does relate to an offense back in November of 2011 and the Court does note that that conviction was so long in coming because the [Petitioner] did fail to appear for his criminal case, in I believe March of 2013, and it was almost six years later that the [Petitioner] was apprehended and brought to justice for that crime. The Court finds . . . that this is a very heavily weighed negative factor with regard to dangerousness. The Court did review the police report in that matter as well and notes that the [Petitioner] was given a portable breath test and tested at .227, which is nearly three times the legal limit, and that, according to the Court's review of the records, the [Petitioner] has at least three convictions for DUI. And the Court would note, though it does not find, that the evidence also indicates that there was a 2002 conviction for DUI out of New Hampshire that was the basis of him being charged, I believe in 2011, as a fourth DUI.

Resp. Mem. (Ex. A) at 49.

---

[3] Consistent with 28 U.S.C. § 2243 through § 2247, the following background is drawn from Petitioner's submission, as well as Respondent's submissions of an affidavit from ICE Deportation Officers Sean McDonald and Joseph Marchewka, individuals familiar with the facts and circumstances of Petitioner's immigration proceedings, and records from the underlying proceedings themselves. McDonald Decl., Aug. 23, 2021, ECF No. 4-1; Resp. Mem. (Ex. A), Aug. 23, 2021, ECF No. 4-2; Marchewka Decl., Oct. 14, 2021, ECF No. 7-1; Suppl. Mem. (Ex. A), Oct. 14, 2021, ECF No. 7-1.

In March 2021, the IJ considered a request by Petitioner for cancellation of removal. In denying Petitioner's request, the IJ set forth many of the facts pertinent to the habeas application presently before the Court:

> [Petitioner] is a 48-year-old single native and citizen of El Salvador who has two children, one of which is a United States citizen. The [Petitioner] entered the United States at or near an unknown place on or about an unknown date. A Notice to Appear was served on the [Petitioner] on December 29, 2020, and it was filed with the Court on January 7, 2021. The charge of removability under INA Section 212(a)(6)(A)(i) [8 U.S.C. § 1182(a)(6)(A)(i)] was sustained on February 2, 2021. On March 29 and March 31, 2021, this matter [was] heard for the [Petitioner]'s request for cancellation of removal.
>
> * * *
>
> [ICE] and the [Petitioner], through counsel, stipulated that the [Petitioner] had ten years of continuous physical presence in the United States immediately preceding the date of application [for cancellation of removal]. The parties also stipulated that the [Petitioner] had not been convicted of an aggravated felony for Immigration purposes.
>
> * * *
>
> The [Petitioner] has the burden to show by a preponderance of the evidence that (1) he has resided in the United States for a continuous period of ten years immediately preceding the application for cancellation of removal; (2) he has not been convicted of an aggravated felony for Immigration purposes; (3) he has been a person of good moral character for a continuous period of at least ten years immediately preceding the final administrative decision entered in this case; [and] (4) that a qualifying relative would suffer exceptional and extremely unusual hardship should the [Petitioner] be removed from the United States . . . .
>
> * * *
>
> The Court finds that the [Petitioner] has not been a person of good moral character for ten years preceding this Court's decision. The Court need only find one factor . . . in order to make a finding that the [Petitioner] has not been a person of good moral character for the requisite time period.

The Court finds that the [Petitioner] was incarcerated to a penal institution for an aggregate period of 180 days or more during the requisite time period. The [Petitioner] testified, and the Court finds, that he was incarcerated from May 9, 2019, and was released from incarceration on December 29, 2020. The Court also finds that the record evidence also supports this finding as he was sentenced on May 9, 2019, to 18 months incarceration for count one and 1 year for count three, to run consecutive to each other . . . . The Court does note that the offense for which he was sentenced in 2019 was committed in 2011; however, INA Section 101(f)(7) also provides that the incarceration is disqualifying "regardless of whether the offense or offenses for which he has been confined were committed within or without such period."

Having found that the [Petitioner] is not a person of good moral character for the ten years preceding this Court's decision, he is not eligible for cancellation of removal . . . .

In light of the foregoing, the following orders shall enter:

The [Petitioner]'s application for cancellation of removal is denied.

The Court orders the respondent removed to El Salvador.

Resp. Mem. (Ex. A) at 59–63.

Petitioner appealed the IJ's order of removal, and on September 1, 2021, the Board of Immigration Appeals ("BIA") issued its decision denying Petitioner's appeal. Marchewka Decl. at ¶ 4. The BIA summarily dismissed the appeal because "the record indicates that [Petitioner] did not file a brief or statement, or reasonably explain the failure to do so, within the time set for filing." Suppl. Mem. (Ex. A) at 4.

On September 9, 2021, Petitioner filed a petition for review of his removal order, and a motion for stay of removal, with the Second Circuit. Marchewka Decl. at ¶ 5. The Department of Homeland Security ("DHS") has opposed Petitioner's motion for stay. The Second Circuit does not appear to have granted the stay, but ICE and DHS are not presently seeking to execute the order of removal because of the forbearance agreement between DHS and the Second Circuit. Marchewka Decl. at ¶ 6. DHS is evaluating the

underlying removal case to determine whether it will seek to execute the removal order. Marchewka Decl. at ¶ 6. In any event, ICE and DHS believe that there are "no institutional bars to Petitioner's removal," and "[b]ased upon the history of removals to El Salvador[] and the circumstances of Petitioner's case, [have] an expectation that Petitioner will be removed in the reasonably foreseeable future." Marchewka Decl. at ¶ 8–9.

DISCUSSION

In July 2021, approximately seven months after his original detention, Petitioner filed the instant petition pursuant to 28 U.S.C. § 2241. Petitioner is proceeding *pro se*, and consequently the Court has construed his petition liberally, "to raise the strongest arguments that [it] suggest[s]." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994). Petitioner maintains that his continued detention is a violation of his rights under 8 U.S.C. § 1225(b), § 1226(a), and § 1226(c), as well as under the Due Process clause of the Fifth Amendment. Pet. at ¶ 21–28.

<u>Legal Principles</u>

While removal proceedings are pending, 8 U.S.C. § 1226 "authorizes the Government to detain certain aliens already in the country . . . ." *Jennings v. Rodriguez*, 138 S. Ct. 830, 838 (2018). In particular, § 1226(a) provides that "the Attorney General . . . (1) may continue to detain the arrested alien; [or] (2) may release the alien on (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or (B) conditional parole . . . ." If, prior to a final order of removal, the government elects to detain the alien under § 1226, the alien may request a review of his custody and bond determinations by an Immigration Judge. *See, e.g.,* 8 C.F.R. § 1003.19(a) ("Custody and bond determinations made by [ICE] pursuant to 8 CFR part 1236 may be reviewed by an Immigration Judge . . . .").

8 U.S.C. § 1231, on the other hand, governs the detention of aliens during and after the ninety-day "removal period." § 1231(a)(1)(B) provides that an alien's "removal period" begins at the latest of the following events:

(i)     The date the order of removal becomes administratively final;

(ii)    If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order;

(iii)   If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

*Hechavarria v. Sessions*, 891 F.3d 49, 55 (2d Cir. 2018), as amended (May 22, 2018) (quoting 8 U.S.C. § 1231(a)(1)(B)). Under 8 C.F.R. § 1241.1(a), "[a]n order of removal made by the immigration judge . . . shall become [administratively] final . . . [u]pon dismissal of an appeal by the Board of Immigration Appeals . . . ."

Under 8 U.S.C. § 1231(a)(2), detention during the ninety-day "removal period" is mandatory. In the case of *Zadvydas v. Davis*, 533 U.S. 678 (2001), "the Supreme Court was presented with the challenge of reconciling [§ 1231's] apparent authorization of indefinite post-removal order detention with the Fifth Amendment's prohibition against depriving a person of their liberty without due process." *Diaria v. Sessions*, No. 17-CV-6028 (CJS), 2018 WL 3429270, at *2–3 (W.D.N.Y. July 16, 2018). The Supreme Court determined that § 1231(a) authorizes detention after a final order of removal for a period that is "reasonably necessary" to accomplish the alien's removal from the United States. *Zadvydas*, 533 U.S. at 699–700. Recognizing the practical necessity of setting a "presumptively reasonable" time within which to secure removal, the Supreme Court adopted a period of six months "for the sake of uniform administration in the federal courts . . . ." *Id.* at 701.

Application

At the outset, the Court notes that the Second Circuit has held that a challenge to an order of detention under § 1226 is moot once a final order of removal has been entered, as the alien at that point enters the ninety day "removal period" during which detention is mandatory under § 1231(a)(2). *Shiqi Xue v. Holder*, 354 F. App'x 596, 597 (2d Cir. 2009) (quoting *Wang v. Ashcroft*, 320 F.3d 130, 147 (2d Cir. 2003)).

In *Xue*, the petitioner challenged his detention in the federal courts before his removal order became final under federal regulations. *Id.* While his challenge to his detention was pending before the Second Circuit, the petitioner became subject to a final order of removal. *Id.* The circuit court therefore concluded:

> Because his removal proceedings are no longer pending, [petitioner]'s petition for relief from the BIA's decision not to grant him bond during the pendency of his removal proceedings is moot. *Wang v. Ashcroft*, 320 F.3d 130, 147 (2d Cir. 2003) ("[A] challenge to pre-final order detention [is] moot once the final order has been entered.") (parentheses omitted); *see also United States ex rel. Spinella v. Savoretti*, 201 F.2d 364, 364 (5th Cir. 1953) ("We think it clear ... that the deportation order is now final; that the question raised by [the petitioner's] appeal, whether the court erred in denying him bond pending the deportation proceedings, has become moot; and that the appeal should be dismissed.").

*Id. See also Al Najjar v. Ashcroft*, 273 F.3d 1330, 1338 (11th Cir. 2001). Similarly, in this case the Court finds that, to the extent Petitioner may have had cognizable claims regarding his detention under 8 U.S.C. § 1226 prior to the BIA's dismissal of his appeal in September 2021, those claims have been rendered moot. *Wang*, 320 F.3d at 147.

Further, even if Petitioner's claims were not moot,[4] the Court finds no merit in them. Despite ample opportunity to do so, Petitioner has not disputed Respondent's showing that Petitioner had a bond hearing in January 2021, less than one month after his detention by ICE on December 29, 2020, at which the IJ determined that the government had presented clear and convincing evidence that Petitioner presented a danger to the community. As the Supreme Court has explained, the procedural protections afforded to aliens under § 1226(a) are limited to "the initial bond hearings established by existing regulations." *Jennings v. Rodriguez*, 128 S. Ct. 830, 847 (2018) (citing 8 C.F.R. 236.1(d)(1), 1236.1(d)(1)). *See also See Hemans v. Searls*, No. 18-CV-1154, 2019 WL 955353, at *3 (W.D.N.Y. Feb. 27, 2019) ("§ 1226(a) does not require "periodic bond hearings every six months" . . . . [and] *Jennings* strongly implies that § 1226(a) cannot be read to include other significant procedural protections in order to avoid constitutional concerns.")). As Respondent has demonstrated that Petitioner received the procedural protections he was due under § 1226 and the Supreme Court's ruling in *Jennings*, the Court sees no merit in Petitioner's claims for habeas relief.

"Moreover, because [P]etitioner's removal has been delayed by his own actions in pursuit of relief in the federal courts, neither his detention pending the circuit court's final ruling, nor its duration, can be found to constitute a violation of [P]etitioner's rights under the due process clause of the Fifth Amendment." *Thompson v. Lynch*, No. 16-CV-6608

---

[4] Despite the language of § 1231(a)(1)(B)(ii), several district courts in this Circuit have concluded that an alien's entrance into the "removal period" is forestalled by an appeal of his order of removal to the Second Circuit, even if the Second Circuit does not expressly order a stay of removal. *See, e.g., Sankara v. Whitaker*, No. 18-CV-1066, 2019 WL 266462, at *4 (W.D.N.Y. Jan. 18, 2019) (collecting cases in support of the finding that the forbearance agreement between the Second Circuit and DHS amounts to a "court order[ed] stay of the removal of the alien" under § 1231(a)(1)(B)(ii) because under the "structure and logic" of the statute, the agreement constitutes a "clear impediment to his removal"). *But see Brathwaite v. Barr*, 475 F. Supp.3d 179, 186 (W.D.N.Y. 2020), *appeal withdrawn sub nom. Brathwaite v. Garland*, No. 20-3502, 2021 WL 4786893 (2d Cir. Aug. 3, 2021) (finding that "the forbearance [agreement] is not a stay.")

(CJS), 2017 WL 344970, at *6 (W.D.N.Y. Jan. 24, 2017) (citing *Flores v. Holder*, 977 F. Supp.2d 243 (W.D.N.Y. June 7, 2013); *Doherty v. Thornburgh*, 943 F.2d 204, 205 (2d Cir. 1991)).

Accordingly, it is hereby

ORDERED, that Respondent's motion [ECF No. 4] is granted; and it is further

ORDERED, that Petitioner's application [ECF No. 1] is dismissed without prejudice. The Clerk of the Court is directed to terminate this action.

SO ORDERED.

Dated:   January 12, 2021
        Rochester, New York

ENTER:

CHARLES J. SIRAGUSA
United States District Judge